IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| PRIME TIME HEALTHCARE, LLC;<br><br>Plaintiff,<br><br>vs.<br><br>DR. WF AND MADA DUNAWAY MANOR NURSING HOME OF GUYMON, INC., and DUNAWAY MANOR NURSING HOME d/b/a HERITAGE COMMUNITY,<br><br>Defendants. | 8:24CV274<br><br>ORDER |

   This matter comes before the Court *sua sponte* after review of the Complaint (Filing No. 1), and pursuant to its independent obligation to determine whether subject matter jurisdiction exists in each case. See *Sac & Fox Tribe of the Mississippi in Iowa, Election Bd. v. Bureau of Indian Affs.*, 439 F.3d 832, 836 (8th Cir. 2006). "It is a fundamental precept that federal courts are courts of limited jurisdiction. The limits upon federal jurisdiction, whether imposed by the Constitution or by Congress, must be neither disregarded nor evaded." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978).

   On July 10, 2024, Prime Time Healthcare, LLC ("Prime Time") filed this suit against Defendants, Dr. WF and Mada Dunaway Manor Nursing Home of Guymon, Inc. and Dunaway Manor Nursing Home d/b/a Heritage Community, invoking this Court's diversity jurisdiction under 28 U.S.C. § 1332(a). (Filing No. 1). Diversity jurisdiction is limited to cases in which the "controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States[.]" See 28 U.S.C. § 1332(a). For purposes of diversity jurisdiction, a limited liability company's citizenship is that of its members. *E3 Biofuels, LLC v. Biothane, LLC*, 781 F.3d 972, 975 (8th Cir. 2015). "When diversity jurisdiction is invoked in a case in which a limited liability company is a party, the court needs to know the citizenship of each member of the company. And because a member of a limited liability company may itself have multiple members—and thus may itself have multiple citizenships—the federal court needs to know the citizenship of each 'sub-member' as well." *Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003,

1005 (6th Cir. 2009); see also *Haas as Tr. of Bira Rabushka Living Tr. v. Rabushka*, No. 4:23-CV-1304 RLW, 2023 WL 6879663, at *1 (E.D. Mo. Oct. 18, 2023) ("[F]or LLCs, the Court must examine the citizenship of each member of the LLC to determine whether it has diversity jurisdiction."). "For any members of LLCs that are themselves LLCs, partnerships, or limited partnerships, information concerning their underlying members or partners must be alleged in accordance with the rules applicable to each such type of entity, through however many layers of ownership there may be," until either individuals or corporations are identified as the owner(s). *OHM Hotel Grp., LLC v. Dewberry Consultants, LLC*, No. 4:15-CV-1541 CAS, 2015 WL 5920663, at *1 (E.D. Mo. Oct. 9, 2015).

According to its Complaint, Prime Time alleges it "is a Nebraska limited liability company with its principal place of business in Omaha, Nebraska." However, the Court finds Prime Time's allegation of its citizenship is insufficient. Prime Time is an LLC; however, the Complaint does not set forth the name or type of Prime Time's member(s) and the citizenship of each member; Prime Time merely alleges it is a Nebraska limited liability company with its principal place of business in Omaha, Nebraska, which is not how an LLC's citizenship is determined for purposes of diversity in the Eighth Circuit. See *GMAC Com. Credit LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 829 (8th Cir. 2004) (holding "an LLC's citizenship is that of its members for diversity jurisdiction purposes"); *Rabushka*, No. 4:23-CV-1304 RLW, 2023 WL 6879663, at *1 ("[F]or LLCs, the Court must examine the citizenship of each member of the LLC to determine whether it has diversity jurisdiction."). Additionally, although Prime Time alleges that the parties are citizens of different states, Prime Time does not actually state the citizenship of either defendant in its Complaint. See *Great River Ent., LLC v. Zurich Am. Ins. Co.*, 81 F.4th 1261, 1263 (8th Cir. 2023) ("A corporation . . . is a citizen of every state where it is incorporated and the state where it has its principal place of business.").

"Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." 28 U.S.C. § 1653 (2012). Accordingly, the Court will grant Prime Time leave to file an amended complaint that properly alleges the citizenship of the parties to assure this Court it has subject-matter jurisdiction.

**IT IS ORDERED:** Plaintiff shall filed an amended complaint to properly allege the citizenship of the parties on or before **July 31, 2024**.

Dated this 11th day of July, 2024.

BY THE COURT:

s/ Michael D. Nelson
United States Magistrate Judge